UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MELISSA K. MOORE,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:18-cv-308

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

_____

**REPORT AND RECOMMENDATION[1] THAT: (1) THE NON-DISABILITY FINDING AT ISSUE BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**
_____

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[2] This case is before the Court on Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 12), Plaintiff's reply (doc. 13), the administrative record (doc. 7),[3] and the record as a whole.

I.

A.    **Procedural History**

Plaintiff filed for DIB and SSI alleging a disability onset date of January 22, 2013. PageID 44. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, obesity, fibromyalgia, mild degenerative joint disease of the bilateral knees, and migraines. PageID 46.

---
[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.
[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After an initial denial of her application, Plaintiff received a hearing before ALJ Mark Hockensmith on July 6, 2017. PageID 115-48. The ALJ issued a written decision on November 22, 2017 finding Plaintiff not disabled. PageID 43-59. Specifically, the ALJ found at Step Five that, between the period of March 15, 2014 to November 30, 2015, Plaintiff had the residual functional capacity ("RFC") to perform a reduced range of sedentary work.[4] PageID 51. Due to a bariatric bypass surgery and other changes in Plaintiff's health, the ALJ determined that from December 1, 2015 through the date of the decision, Plaintiff had the RFC to perform a different range of sedentary work. PageID 52. Ultimately, the ALJ found, at both functional levels of sedentary work, that "there were jobs that exist[ed] in significant numbers in the national economy that [Plaintiff] could perform[.]" PageID 52-59.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 32-35. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

B.  **Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 43-59), Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 12), and Plaintiff's reply (doc. 13). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

A.  **Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct

---

[4] Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

## III.

In her Statement of Errors, Plaintiff argues that the ALJ erred in (1) evaluating her disability under Listing § 1.02(A); (2) evaluating the opinions of her treating physicians; and (3) evaluating the opinions of the state agency examining and reviewing physicians. Doc. 9 at PageID 2073. Agreeing with Plaintiff's first and second assignment of error, the undersigned would direct the ALJ to consider her remaining arguments on remand.

**A. Listing § 1.02(A)**

The Listing of Impairments "describes impairments the SSA considers to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 653 (6th Cir. 2009) (citing 20 C.F.R. § 404.1525(a)) (internal quotations omitted). An ALJ is not required to "address every listing" or to "discuss listings that the applicant clearly does not meet." *Smith–Johnson v. Comm'r of Soc. Sec.*, 579 Fed. App'x. 426, 432 (6th Cir. 2014) (citations omitted). However, if the record evidence raises a "substantial question" regarding whether a plaintiff meets a listing, an ALJ's

4

failure to discuss the relevant listing constitutes reversible error. *Id.; Reynolds v. Comm'r of Soc. Sec.*, 424 Fed. App'x. 411, 416 (6th Cir. 2011). To meet this standard, the "claimant must point to specific evidence that demonstrates he [or she] reasonably could meet or equal every requirement of the listing." *Smith–Johnson*, 579 Fed. App'x. at 432 (citations omitted).

Listing § 1.02(A) provides that a major dysfunction of a joint(s) is

Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:

A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. § Pt. 404, Subpt. P, App. 1.

Social Security Ruling 02-1p also provides that:

[O]besity, by itself, is medically equivalent to a listed impairment…. For example, if the obesity is of such a level that it results in an inability to ambulate effectively, as defined in sections 1.00B2b or 101.00B2b of the listings, it may substitute for the major dysfunction of a joint(s) due to any cause (and its associated criteria), with the involvement of one major peripheral weight-bearing joint in listings 1.02A or 101.02A, and we will then make a finding of medical equivalence.

SSR 02-1p, 2002 SSR LEXIS 1, at *14. In determining that Plaintiff did not meet or medically equal Listing § 1.02, the ALJ recognized that Plaintiff suffered from "super morbid obesity" and "did utilize a scooter for ambulation." PageID 49. Yet, the ALJ concluded that "the scooter was utilized for comfort, rather than out of necessity [for ambulation] for medical reasons." *Id.* Therefore, the ALJ found that Plaintiff's obesity did not meet or equal Listing § 1.02(A). *Id.*

The error that lies in the ALJ's assessment at Step Three is two-fold. First, the medical evidence of record undermines the ALJ's conjecture that Plaintiff's ambulatory device was not necessary. Indeed, Plaintiff's surgeon found that she was "wheelchair bound and has minimal ambulation secondary to nerve damage." PageID 996. Plaintiff's treating physician noted that she

5

"ambulates in a wheelchair for prolonged trips but otherwise needs a cane or walker to walk due to back pain and burning/numbness in her legs." PageID 54. Treatment notes also indicate that Plaintiff's device was prescribed. PageID 777 ("rx scooter"). Moreover, the ALJ acknowledged the state agency's reviewing physician found that the ambulatory aid "is *necessary* for balance and to decrease pain." PageID 51-52 (emphasis added). The ALJ further found that after Plaintiff's gastric bypass surgery in 2016, the power chair "was no longer *necessary*." PageID 56 (emphasis added). Both the medical record and the ALJ's own conclusions critically undermine the ALJ's analysis at Step Three, and it is therefore unsupported by substantial evidence. *Kellogg v. Colvin*, No. 14-1286-JWL, 2015 U.S. Dist. LEXIS 85267, at *6-7 (D. Kan. July 1, 2015) (finding "[p]rescribed use of a walker implies the inability to walk without it" and remanding for the ALJ to explain his "two findings--that Plaintiff was 'prescribed a walker,' and that Plaintiff 'has not presented evidence of an inability to ambulate effectively'").

Second, the ALJ's unilateral determination -- that a prescribed ambulatory device was for comfort and, therefore, not medically necessary -- constitutes an improper supplanting of the prescribing doctor's opinion. The ALJ failed to cite to any medical source opinion supporting his assertion and, as previously noted, disregarded the substantial contrary opinions endorsing the necessity of the medical advice. PageID 49. But even assuming, *arguendo,* that the ALJ is correct, it is unclear why an ambulatory device used for comfort cannot also be medically necessary. In other words, the ALJ's finding -- that the wheelchair was for comfort and unnecessary -- made without support of any medical source opinion of record, amounts to an impermissible interpretation of the Plaintiff's prescription of an ambulatory device. *See Isaacs v. Comm'r of Soc. Sec.*, No. 1:08-cv-828, 2009 WL 3672060, at *10 (S.D. Ohio Nov. 4, 2009) (holding that "[i]n making the residual functional capacity finding, the ALJ may not interpret raw medical data in functional terms").

6

The plain language of SSR 2-01p clarifies that a claimant can establish that obesity, alone or in combination with other impairments, meets or medically equals the criteria of Listing § 1.02A. SSR 02-1p, 2002 SSR LEXIS 1, at *14; *Webster v. Comm'r of Soc. Sec.*, No. 5:06-cv-162, 2007 U.S. Dist. LEXIS 96966, at *14 (W.D. Mich. Dec. 26, 2007) (SSR 2-01p "contemplates the possibility that a claimant could establish obesity as medically equivalent to Listing § 1.02A"). Whether Plaintiff's obesity does so, here, depends upon whether her use of a wheelchair constitutes an "inability to ambulate effectively, as defined in 1.00B2b or 101.00B2b." *Id.* While the Commissioner argues that Plaintiff must additionally prove the other elements of Listing § 1.02, SSR 2-01p allows obesity to "substitute for [Listing 1.02] the major dysfunction of a joint(s) due to any cause *(and its associated criteria)*." *Id.* (emphasis added). Thus, the Listing may be satisfied by a finding that Plaintiff's obesity caused an inability ambulate effectively. *Webster*, 2007 U.S. Dist. LEXIS 96966, at *14. Because the record includes objective evidence[5] and medical opinions, as previously noted, that may support such a finding, this case should be remanded for a proper consideration of whether Plaintiff's obesity, alone or in combination with her other impairments, has resulted in an inability to ambulate effectively and meets or medically equals Listing § 1.02(A).

**B. Medical Opinions**

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.* Under the regulations then in effect, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a

---

[5] For example, Plaintiff's doctors noted her morbid obesity on multiple occasions, *see e.g.,* PageID 665, 668, 671, 680, 683, 687, 704, and she consistently exhibited difficulties with breathing, *see e.g.*, PageID 665, 668, 671, 683, 687.

7

unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[6]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

---

[6] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id*.

Plaintiff's family physician, Mark Jeffries, D.O., authored a medical opinion on February 29, 2017. PageID 1459. Dr. Jeffries opined that Plaintiff could stand only 15 minutes at a time; sit for two hours at a time; lift ten pounds occasionally, and five pounds frequently; could occasionally bend, stoop, balance; could occasionally manipulate her right hand, but could never manipulate her left. PageID 1458-59. He further concluded that, due to her impairments, Plaintiff would be off task 20 percent of the workday, and would be absent three days per month. *Id*. In evaluating the opinion of Dr. Jeffries, the ALJ found that it warranted "some weight." PageID 54. The undersigned finds multiple, repeated errors in the ALJ's analysis of this opinion.

Initially, the undersigned notes the ALJ's errors in failing to acknowledge Dr. Jeffries's status as a treating physician, failing to mention the applicable concept of controlling weight, and failing to specifically decline to give his opinion controlling weight. PageID 2078. As noted by this Court on numerous occasions, such failure is reversible error because it "deprives the Court of the opportunity to meaningfully review whether [the ALJ] undertook the 'two-step inquiry' required when analyzing treating source opinions." *Marks v. Colvin*, 201 F. Supp. 3d 870, 882 (S.D. Ohio 2016); *Hatton v. Comm'r of Soc. Sec.*, No. 3:18-CV-008, 2018 WL 4766963, at *4 (S.D. Ohio Oct. 3, 2018), *report and recommendation adopted,* No. 3:18-CV-8, 2018 WL 5084758 (S.D. Ohio Oct. 18, 2018); *Reese v. Comm'r of Soc. Sec.*, No. 3:17-CV-283, 2018 WL 2381896, at *3 (S.D. Ohio May 25, 2018).

Instead, the entirety of the ALJ's analysis consists of two sentences -- bereft of even a single citation to the record -- concluding that there is "no support for the assertion that [Plaintiff is] unable to manipulate … her left hand or her need to elevate her legs." PageID 54; *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x. 543, 551–52 (6th Cir. 2010) (holding that "it is not enough to dismiss a treating physician's opinion as 'incompatible' with other evidence of record"). Even assuming, *arguendo,* that the ALJ is correct, rejecting certain parts of Dr. Jeffries's opinion does not provide sufficient grounds for the ALJ to also reject his other conclusions, including that Plaintiff would be off-task for 20 percent of the day or be absent three times a month. *Cf. Mosley v. Comm'r of Soc. Sec.*, No. 3:14-

9

CV-278, 2015 WL 6857852, at *6 (S.D. Ohio Sept. 14, 2015) (finding error where the ALJ "fail[ed] to explain how the rejection of one diagnosis leads to a rejection of all limitations opined by [the treating physician]").

The ALJ's errors are more glaring considering that the only other treating source opinion of record wholly supports Dr. Jeffries's conclusions.[7] Plaintiff's treating neurologist, Eleina Mikhayov, M.D., concluded that Plaintiff could stand for only two minutes; sit for one hour; was required to lie down during the day; and could walk only ten feet without stopping. PageID 750-51. She further found that Plaintiff could rarely reach above shoulders or down towards the floor; rarely handle objects; lift and carry less than five pounds during an eight-hour workday; and had difficulty in bending, squatting, kneeling, and turning parts of the body. PageID 751-52.

Based on the foregoing, the ALJ "did not provide 'good reasons' for why [Dr. Jeffries's] opinion fails to meet either prong of this test." *Gayheart*, 710 F.3d at 376. Having failed to properly conduct a controlling weight analysis of the treating physician's opinion(s), the non-disability finding by the ALJ here at issue must be reversed. *See Wilson*, 378 F.3d at 544 (holding that where the ALJ fails to give good reasons for his rejection of a treating source's opinion, remand is required even if substantial evidence in the record otherwise supports the ALJ's decision)

**IV.**

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking

---

[7] The undersigned would also note that in weighing Dr. Mikhayov's opinion, the ALJ similarly failed to mention her status as a treating physician, mention the concept of controlling weight, or specifically decline to afford her opinion controlling weight. PageID 54.

in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). In this instance, evidence of disability is not overwhelming and, therefore, the undersigned concludes that a remand for further proceedings -- as specifically set forth above -- is proper.

## V.

**IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**; (2) this matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case be **CLOSED**.

Date:  6/13/2019                              s/ Michael J. Newman
                                                                    Michael J. Newman
                                                                      United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).